IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY L. SLAUGHTER,

    Petitioner,                    No. CIV S-07-2628 WBS DAD P

    vs.

D.K. SISTO,                            ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner seeks to challenge his 2005 prison disciplinary conviction for "unauthorized possession of direct observation therapy medication" upon which he was assessed forfeiture of 130 days of time credits. (Petition, Attach. - June 5, 2006 Director's Level Appeal Decision) (Doc. No. 1 at 31). In his habeas petition filed with the California Supreme Court on January 30, 2007, petitioner argued that the California Department of Corrections and Rehabilitation misapplied California Code of Regulations § 3323 and failed to comply with

1

California Penal Code § 2932 which provides limitations on the maximum time credits that may be lost based on the type of misconduct engaged in by a prisoner.  Petitioner argues that under Penal Code § 2932, he should have been assessed only a 30 day forfeiture of time credits and that he is therefore entitled to a restoration of one hundred days of time credit.  (Petition at 5.)

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254 Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

In this federal habeas action petitioner is improperly seeking to challenge the application of state law and state regulations in the computation of his time credit forfeiture.  Generally, issues of state law are not cognizable on federal habeas.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) ("[A] mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas."); Gauthier v. Dexter, 573 F. Supp. 2d 1282, ___ (C.D. Cal. 2008) ("Thus, to the extent petitioner bases [his claims] on alleged violations of state laws, such as California Penal Code § 1932 and/or various California prison regulations, his claims are not cognizable in this proceeding.")

Accordingly IT IS HEREBY ORDERED that petitioner's December 6, 2007 application to proceed in forma pauperis (Docket No. 2) is granted.

Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, petitioner may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).
8  DATED: November 5, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
slau2628.56